NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**XEROX CORP.,**
*Appellant*

**v.**

**META PLATFORMS, INC., FKA FACEBOOK, INC.,**
*Appellee*

---

2023-1912

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2021-01472.

---

Decided:  March 25, 2025

---

LAUREN HILLARY SIMENAUER, McKool Smith, P.C., Washington, DC, argued for appellant.  Also represented by KEVIN L. BURGESS, Marshall, TX; ALEXANDRA FIGARI EASLEY, DAVID SOCHIA, Dallas, TX; JAMES ELROY QUIGLEY, KYLE N. RYMAN, JOEL LANCE THOLLANDER, Austin, TX.

HEIDI LYN KEEFE, Cooley LLP, Palo Alto, CA, argued for appellee.  Also represented by ANDREW CARTER MACE, MARK R. WEINSTEIN; PHILLIP EDWARD MORTON, Washington, DC.

---

Before TARANTO and HUGHES, *Circuit Judges,* and BARNETT, *Judge.*[1]

BARNETT, *Judge.*

Xerox Corp. ("Xerox") appeals the final written decision issued by the Patent Trial and Appeal Board ("Board") in an inter partes review ("IPR") of U.S. Patent No. 9,137,190 B2 ("the '190 patent"), holding that claims 9–16 are unpatentable as obvious. *Facebook, Inc. v. Palo Alto Research Center LLC*, No. IPR2021-01472, 2023 WL 2600581 (P.T.A.B. Mar. 2, 2023) ("*Final Written Decision*").[2]  We affirm.[3]

## I.    BACKGROUND

In 2021, Meta filed a petition for an IPR of claims 9–16 of the '190 patent.  J.A. 82, 151.  Meta asserted two grounds for finding the challenged claims unpatentable as obvious. J.A. 91, 150.[4]  Claim 9, the only independent claim at issue, states, *inter alia*:

---

[1]    Honorable Mark A. Barnett, Chief Judge, United States Court of International Trade, sitting by designation.

[2]    Subsequent citations in this opinion are to the version of the Board's decision in the Joint Appendix.  *See* J.A. 1–52.

[3]    Following issuance of the *Final Written Decision*, Palo Alto Research Center LLC assigned its interest in the '190 patent to Xerox.  Appellant Br. at 1 n.1.  During the pendency of this appeal, the court granted Appellee's motion to modify the caption to reflect its corporate name change to Meta Platforms, Inc. ("Meta").  Dkt. No. 23.

[4]    The first ground consisted of obviousness over Heidloff, Riggsby, RFC 5233, Low, and RFC 2369.  J.A. 91.

9. A method for content-based message distribution, comprising the steps of:

[(a)] receiving an incoming message with a recipient address and a tag address comprising one or more content tags, each of the content tags associated with one or more users;

. . .

[(c)] adding the recipient to the at least one content tag as one of the users;

[(d)] displaying the incoming message to at least one of the users associated with the at least one content tag . . . .

J.A. 66 (referred to herein as claims 9(a), 9(c), and 9(d), respectively). The Board instituted the requested IPR on both grounds. J.A. 221.

Following institution, Xerox filed its response, and Meta replied. J.A. 250, 301. Xerox filed a sur-reply, J.A. 332, indirectly raising, for the first time, an issue of claim construction regarding claim 9(d), J.A. 6; *see also* J.A. 337. The Board heard oral argument on December 7, 2022. *See* J.A. 371.

In the *Final Written Decision*, the Board found Xerox's arguments regarding the proper interpretation of the "displaying" limitation of claim 9 to be untimely and thus improper pursuant to the Board's rules because those arguments were first presented in the sur-reply and not in Xerox's response. J.A. 6–7. The Board further stated that "even if [it] consider[s] [Xerox's] argument as a proper response under [the Board's] rules," then Xerox's "proposed

---

The second ground consisted of obviousness over those references and the addition of Hazel. J.A. 150.

interpretation of the claims is incorrect." J.A. 7; *see also* J.A. 8–15. In short, the Board concluded that claim 9(d) "does *not* require displaying the tag address and the recipient address, although claim 9 clearly requires that these addresses be received with the message." J.A. 14 (emphasis added).

The Board also found Meta's arguments and evidence supported the finding that the steps comprising claim 9 would have been obvious to a person of ordinary skill in the art based on the asserted combination of prior art. J.A. 44.

Xerox timely appeals the Board's claim construction with respect to claim 9(d) and its obviousness determinations with respect to claim 9(a) and (c). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

## II. DISCUSSION

We review the Board's procedural rulings for abuse of discretion. *Ericsson Inc. v. Intell. Ventures I LLC*, 901 F.3d 1374, 1379 (Fed. Cir. 2018). We review legal determinations *de novo* and underlying factual findings for substantial evidence. *See id.*; *Seabed Geosolutions (US) Inc. v. Magseis FF LLC*, 8 F.4th 1285, 1287 (Fed. Cir. 2021).

"What the prior art discloses and whether a person of ordinary skill would have been motivated to combine prior art references are both fact questions that we review for substantial evidence." *Intel Corp. v. PACT XPP Schweiz AG*, 61 F.4th 1373, 1378 (Fed. Cir. 2023).

### A.

Xerox contends we should review the Board's claim construction notwithstanding the Board's initial untimeliness finding because the Board also addressed the merits. Appellant Br. at 27 (citing *Conoco, Inc. v. Energy & Env't Int'l, L.C.*, 460 F.3d 1349, 1359 (Fed. Cir. 2006)). We decline to do so because Xerox forfeited any argument that the Board abused its discretion in finding Xerox's arguments

regarding the "displaying" limitation to be untimely, and because that finding of untimeliness is a sufficient basis to affirm.

On the issue of timeliness, Xerox asserts, in a conclusory manner, that "Xerox did not fail to timely disclose or waive any argument related to the proper reading of [the displaying] limitation." *Id.* (citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008)).[5] Xerox's failure to develop any argument that the Board abused its discretion means Xerox has forfeited that argument. *See, e.g., SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006); *see also In re Google Tech. Holdings LLC*, 980 F.3d 858, 862 (Fed. Cir. 2020) (defining forfeiture as "the failure to make the timely assertion of a right," whereas waiver is defined as "the intentional relinquishment or abandonment of a known right").

*Conoco* is not to the contrary. There, the district court construed a claim term *sua sponte* following a bench trial, and we reviewed the court's claim construction *de novo*. *Conoco*, 460 F.3d at 1359. Post-*Conoco*, however, in *In re Google* we reaffirmed the "permissive, discretionary, and context-driven" nature of the review of untimely arguments that were passed upon in the alternative. 980 F.3d at 864. Moreover, we have affirmed a Board untimeliness determination based on forfeiture and found the

---

[5]    Xerox's reliance on *O2 Micro* is unavailing. Xerox suggests the Board must conduct claim construction "regardless of when a party raises claim construction." Appellant's Reply at 13 (citing *O2 Micro*, 521 F.3d at 1362). In that case, however, we remanded for the district court to conduct claim construction because that court had improperly submitted the meaning of claim terms to the jury. *O2 Micro*, 521 F.3d at 1362–63. *O2 Micro* has no bearing on our review of the Board's procedural ruling here.

untimeliness holding to "constitute[] an independent ground for [the Board's] decision" even if the Board finds the untimely argument unpersuasive on its merits. *LSI Corp. v. Regents of Univ. of Minn.*, 43 F.4th 1349, 1355 (Fed. Cir. 2022); *cf. Intelligent Bio-Sys., Inc. v. Illumina Cambridge Ltd.*, 821 F.3d 1359, 1369–70 (Fed. Cir. 2016) (stating that because "the Board did not abuse its discretion in excluding [untimely] documents, we need not . . . review the Board's conclusion that, even if proper, the arguments contained in the reply brief are unpersuasive").

We thus affirm the Board's holding that Xerox untimely raised its proposed construction of the "displaying" limitation because Xerox forfeited any challenge to that holding by failing to develop, in its Opening Brief, any argument that the Board abused its discretion. The Board's untimeliness holding is an independent ground for its decision upon which we may, and do, affirm, notwithstanding the Board's consideration and rejection of Xerox's belatedly proposed claim construction.

B.

Xerox contests the Board's determination that the prior art renders obvious the "receiving" limitation in claim 9(a). Xerox focuses on the Board's reference to Heidloff's explanation that "[t]he user interface *further allows* for receipt of a user-provided natural language destination address value" as a basis for the Board's determination that it would have been obvious to include a recipient address, i.e., a conventional email address. J.A. 25 (alteration in original); *see also* Appellant Br. at 38.[6]   Xerox argues Meta

6   In its reply, Xerox argues Heidloff teaches away from the claimed limitation and Meta forfeited any reliance on the user interface disclosure. Appellant's Reply at 18–21. We need not, and thus do not, consider an argument

failed to identify this disclosure in its IPR petition and Heidloff's disclosure does not teach receiving an incoming message with a recipient address. Appellant Br. at 38. Meta argues substantial evidence supports the Board's determination and Xerox forfeited its arguments regarding the Heidloff user interface by failing to present them to the Board. Appellee Br. at 46–52.

As an initial matter, Meta did not fail to identify Heidloff's disclosure in its petition: Meta contended that the inclusion of a "recipient address," though not disclosed in Heidloff, would have been obvious to a relevant artisan and cited to a portion of its expert report discussing the relevant sentence in Heidloff. J.A. 120 (citing J.A. 642–47 ¶¶ 85–87); *see also* J.A. 643–44 ¶¶ 85–86 ("Riggsby thus discloses at least two situations where the sender of an email in Heidloff may want to identify a 'recipient address' for an individual person, in addition to a natural language address for purposes of publishing to a group (Heidloff, e.g., 3:5–10)." (emphasis omitted)). Thus, Xerox's argument that the Board improperly relied on this disclosure lacks merit.

Xerox's second argument, that Heidloff's disclosure does not teach including a recipient address at all, is also untimely. Before the Board, Xerox argued that Heidloff does not disclose the "receiving" limitation because the recipient address used in Xerox's annotated version of Heidloff's Figure 1 does not appear in the message envelope. J.A. 23–24; J.A. 269–73. The Board rejected this argument because Xerox's version of Figure 1 demonstrates the inclusion of a recipient address with the forwarded

---

raised for the first time in a reply brief. *Fuji Photo Film Co. v. Jazz Photo Corp.*, 394 F.3d 1368, 1375 n.4 (Fed. Cir. 2005) (declining to address an argument minimally raised in an opening brief and more fully addressed in a reply brief).

message and "[t]he claim does not require that the recipient address be located in the envelope." J.A. 24. Xerox now argues that it would not have been obvious to include a recipient address at all. Appellant Br. at 38–39. "Because [Xerox] never presented to the Board the non-obviousness arguments it now raises on appeal, we find those arguments [forfeited]." *Acoustic Tech., Inc. v. Itron Networked Sols., Inc.*, 949 F.3d 1360, 1366 (Fed. Cir. 2020).

## C.

Xerox contests the Board's determination that the prior art renders obvious the "adding" limitation in claim 9(c). Xerox argues the Board erred in finding the combination of Heidloff, RFC 5233, Riggsby, and Low renders obvious the "adding" limitation because a person of ordinary skill "would not be motivated to add Low to the proposed prior art combination." Appellant Br. at 39–40. Meta argues that substantial evidence supports the Board's determination. Appellee Br. at 52.

Xerox argues the Board's explanation with respect to adding Low amounted to a single conclusory sentence. Appellant Br. at 43 ("[Meta's] proposed combination may also apprise a user of information in which the user may have an interest." (quoting J.A. 36)). Xerox, however, ignores the Board's additional discussion of Low's disclosures and the entirety of the Board's explanation. *See* J.A. 36–39 (citing, *inter alia*, J.A. 707 ¶ 137) (crediting Meta's expert testimony that the proposed combination with Low "provides a compelling benefit" of notifying users of new messages and considering both the advantages and disadvantages of the combination); J.A. 33 (citing J.A. 678–79 ¶ 113) (similar); J.A. 45–46. Accordingly, Xerox's argument lacks merit.

The Board also "acknowledge[d] that there are downsides to [Meta's] proposed combination, including that a user will be added to a category in which he or she may not be interested," and concluded that "the flooding problem,"

i.e., the receipt of many unwanted emails, "is alleviated by Riggsby's newsletter service, which is how the user is notified of new documents and which runs every night." J.A. 36.[7] Xerox argues the Board did not explain "how or why a newsletter aggregating new documents would prevent spam and flooding," Appellant Br. at 42, but the Board specifically noted that Riggsby's newsletter service runs on a *nightly* basis, J.A. 36, and thus would not lead to the "exponential increase in unwanted email" envisioned by Xerox, J.A. 46 (quoting J.A. 289); *see also* J.A. 33 (citing J.A. 678 ¶ 113) (crediting expert testimony explaining that Riggsby's newsletter service strikes a beneficial balance "because it keeps users apprised of new documents of interest without requiring them to constantly check" and further noting that "[t]he daily frequency would also address Heidloff's concern of flooding users with emails"); J.A. 45 (further discussing Riggsby combined with Heidloff). We find no reversible error in the Board's conclusion that a skilled artisan would be motivated to combine the proposed references.

For the reasons stated, we find that substantial evidence supports the Board's determination that the "adding" limitation would have been obvious based on the combination of Heidloff, RFC 5233, Riggsby, and Low.

## III. CONCLUSION

We have considered Xerox's remaining arguments and find them unpersuasive. We affirm the Board's *Final*

---

[7] Xerox argues the Board erred in relying on Riggsby's newsletter feature because Meta never advanced such an argument. Appellant Br. at 41. The Board considered and rejected the argument that Meta's reliance on Riggsby was untimely. J.A. 36–37. Xerox's Opening Brief makes no effort to address the Board's findings, which are amply supported.

*Written Decision* finding claims 9 through 16 unpatentable as obvious.

**AFFIRMED**